### LOGANSPORT & WABASH VALLEY GAS COMPANY
### *v.* ROSS.

[No. 4,448.   Filed March 31, 1904.]

LANDLORD AND TENANT.—*Gas and Oil Lease.*—*Quieting Title.*—A complaint to quiet title, setting forth a lease of the land for oil and natural gas purposes, wherein all the oil and gas beneath the surface of the tract, in consideration of one dollar, is granted and conveyed to the lessee, "with the exclusive right to enter thereon at all times for the purpose of drilling and operating" for oil and gas, "to erect, maintain, and remove all buildings, structures, pipes, pipe-lines, and machinery necessary for the production, storage, and transportation" of oil and gas; a well to be drilled within three months from date, or thereafter the lessee to pay the lessor for further delay a yearly rental in an amount named until a well is drilled, the rentals when due to be deposited in a bank, and if the lessee refuse to make the deposit, or pay the rental, when due, such refusal to be construed by both parties as the act of the lessee for the purpose of surrendering his rights under the lease and it to be void without further notice; and if oil be found the lessee to deliver to the lessor one-eighth part and to pay a certain named amount for each gas-well, the lessee to have gas free of expense for domestic purposes, and possession of the

premises for farming purposes, the lessor to have the right at any time to reconvey the "grant," and the lease then to be null and void, and averring that within the three months a well was drilled for oil and gas which proved dry and unproductive and was abandoned, and the derrick used in drilling it and all other property were removed from the premises "and the well and premises wholly abandoned," but the lease thereafter assigned to the defendant; and that upon such abandonment the lessor plaintiff took full and complete possession and has ever since retained it; and that the assignee is claiming the lease is still in force, and by reason thereof claims some right and interest in the land, adverse to the lessor plaintiff, is insufficient.

From Grant Circuit Court; *H. J. Paulus*; Judge.

Suit by Marietta E. Ross against the Logansport & Wabash Valley Gas Company to quiet title. From a judgment for plaintiff, defendant appeals. *Reversed.*

*J. L. Custer, O. L. Cline, J. C. Blacklidge, C. C. Shirley, Conrad Wolf, W. O. Johnson* and *Foster Davis*, for appellant.

*P. B. Manley* and *S. L. Stricler*, for appellee.

Robinson, J.—Suit by appellee to quiet title and to cancel a gas contract executed to a firm and assigned to appellant. The first paragraph of complaint is the statutory form of action to quiet title. The second paragraph avers the execution on November 11, 1898, of a written agreement between appellee and a·firm named, and avers that the firm afterward (March 19, 1900) "sold and assigned its interest in the said contract to" appellant "who is now the owner thereof." This written agreement, set out in full in this paragraph, recites that appellee, in consideration of $1 and the covenants and agreements thereinafter contained, "hereby grants and conveys unto" the firm "all the oil and gas in and under the following" ninety-two acres of land described, "together with the exclusive right to enter thereon at all times for the purpose of drilling and operating" for gas or oil; "to erect, maintain, and remove all buildings, structures, pipes, pipe-lines, and machinery necessary for the production, storage, and transportation"

of oil and gas; appellee to have the right to use the premises for farming purposes. The firm agreed to drill a well upon the premises within three months from date, or "thereafter pay the first party for further delay a yearly rental of $46 until said well is drilled;" such rentals, when due, to be deposited in a bank at Marion; should the firm refuse to make such deposits or pay the rental when due, such refusal to be construed by both parties as the act of the firm for the purpose of surrendering the rights granted, and the instrument, in default of such rental payments, to be void without further notice. Should oil be found, the firm agreed to deliver to appellee one-eighth part thereof; and should gas be found to pay $100 yearly for each gas-well; appellee to have gas for domestic purposes free of expense. The firm "may at any time reconvey this grant and thereupon this instrument shall be null and void." It is further averred that by the terms of the contract the firm and its assigns were given the right to enter upon the real estate described for the purpose of drilling and operating thereon for oil and gas; that the contract further provided that the firm should drill a well upon the premises within three months from the date of the contract, and that it did, in pursuance of the agreement, on February 9, 1899, enter upon the land and drilled a well thereon for oil and gas, but that the well proved to be dry and unproductive of either oil or gas, and was by the firm, about the last of February, 1899, abandoned and plugged, and the derrick used in drilling the same was torn down and removed from the premises, and all the other property and material used in and about the drilling of the well were taken away from the premises by the firm, and the well and premises wholly abandoned; that upon such abandonment appellee took full and complete possession of the real estate, and ever since that time has been and now is the owner thereof; that appellant never had possession of the real estate, or any part thereof, for any purpose whatever, that appellant is claim-

ing the written contract is yet in full force and effect, and that by reason thereof, and of the assignment of the same to it by the firm, to have some right, title, and interest in and to the land, which claim is adverse to appellee's rights, and which claim is without right and unfounded, and a cloud upon appellee's title. Prayer that the contract be canceled and released of record, and that appellee's title to the real estate be quieted. A demurrer to the second paragraph of complaint was overruled. The complaint was filed September 9, 1901.

The demurrer to the second paragraph of complaint should have been sustained. It sets out a contract under which appellant, through its assignor, was given certain rights and contains provisions by which such rights might be continued by the payment of certain annual payments. It avers that appellant is claiming some interest in the land by virtue of the contract. So far as shown by the pleading, both parties may have treated the contract as in force up to the time this suit was brought. The fact that an unproductive well was drilled and abandoned does not necessarily show an abandonment of the contract itself or of the rights of the grantees themselves. Moreover, the complaint shows that the firm considered the contract in force, as it assigned it to appellant nearly a year after the unproductive well was abandoned. The pleading does not rely upon any failure of appellant or its predecessors to keep any of the covenants of the contract, but relies entirely upon the fact that an unproductive well was abandoned and no other put down before the beginning of this suit. Appellee has not shown herself entitled to a forfeiture of the lease within the rule declared in *Consumers Gas Trust Co.* v. *Littler,* 162 Ind. —. The contract is set out in full, and contains provisions under which it may have been continued in force with appellee's consent. The fact that appellee took possession after the well was aban-

doned would not necessarily be inconsistent with continuing the contract in force. The agreement contains no provision that the abandonment of an unproductive well will work a forfeiture of the lease. Sufficient facts are not averred to show that appellee claimed a forfeiture of the lease at any time before the suit was brought.

Judgment reversed.